UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID ALLEN WAYNE,

    Plaintiff,

                                        Case No. 2:07-cv-62

v.                                          HON. R. ALLAN EDGAR

JOHN PERRY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff David Allen Wayne filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Resident Unit Officer John Perry, Resident Unit Officer Keith Erkkila and Warden Greg McQuiggin. Plaintiff has filed a request for a preliminary injunction. In Plaintiff's complaint, he alleges that Defendants Perry and Erkkila have threatened him for his use of the grievance system. Plaintiff claims that Defendants "over the holidays went for days without feeding" him. Plaintiff states that on February 6, 2007, Defendant Perry asked Plaintiff if he wished to get his hair cut, but then suddenly told the porter to stop cutting Plaintiff's hair, punched Plaintiff in the face, and slammed him in the ground. Defendants Perry and Erkkila then kicked Plaintiff in the face. Plaintiff contends that Defendants believed that he was "living a gay lifestyle" and have falsified documents to make it appear that he was refusing meals or being disruptive. Plaintiff also claims that Defendants broke two windows "over the holidays" in an attempt to have him placed on suicide watch. Plaintiff alleges that Defendants have told other inmates to bang on his walls so that he cannot do legal work. Plaintiff speculates that Defendants are putting poison in his food and water

because his writing is sloppy and he believes he is being affected by some poison. Plaintiff does not specify the relief he is seeking in his motion for a preliminary injunction.

I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that Plaintiff's request for a temporary restraining order and preliminary injunction be denied.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under

the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969).  *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff alleges that the Defendants assaulted him on February 6, 2007, causing injuries and that they denied him his meals during the holidays.  A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the defendants have violated his federal rights.  Furthermore, because much of Plaintiff's complaint involves conduct which occurred in December, January and February of this year, it does not appear that he is under any imminent threat.  Plaintiff's claim that he is being poisoned is unsupported by specific factual allegations.  Consequently, the undersigned concludes that Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for a preliminary injunction (Docket #13) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 21, 2007