UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID ALLEN WAYNE #460805,

        Plaintiff,        Case No. 2:07-cv-62

v.        Honorable R. Allan Edgar

JOHN PERRY, et al.,

        Defendants.
_____/

**OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S**

**REPORT AND RECOMMENDATION**

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on February 25, 2008. The Report and Recommendation concluded that Defendants' motion for summary judgment based on the exhaustion requirement was properly granted. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In his objections, Plaintiff asserts that his conduct in filing the lawsuit prior to exhausting his administrative remedies should be excused considering the nature of his claims. The Sixth Circuit has squarely held that a prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). The administrative process must be complete before the prisoner files an action in federal court. *Id.*

Plaintiff cites *Alexander v. Carrick*, 31 Fed. Appx. 176 (6th Cir. 2002). In *Alexander*, the Sixth Circuit stated:

> We have previously held that the exhaustion requirement should not operate as an absolute bar to an inmate's claim where prison administrators prevent or altogether refuse to review the allegations on which the claim is based. *See Wyatt v. Leonard,* 193 F.3d 876, 879 (6th Cir.1999); *Fish v. Sapp,* No. 99-6665, 3 Fed.Appx. 334, 2001 WL 111671 at *2 (6th Cir. Jan.29, 2001).

*Id.* at 178. The court notes that the instant case is distinguishable from *Alexander* in that Defendants did not attempt to prevent Plaintiff from grieving his claims. In this case, Plaintiff simply failed to complete the grievance procedure prior to filing his civil rights action. Therefore, for the reasons set forth in the report and recommendation, Plaintiff's complaint is properly dismissed.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and Defendants' motion for summary judgment (docket #39) is GRANTED.

IT IS FURTHER ORDERED that the pending motions (docket #57, #60, #64, #68, and #76) are DENIED as moot.

Dated:     3/21/08                                        /s/ R. Allan Edgar
                                                      R. ALLAN EDGAR
                                                      UNITED STATES DISTRICT JUDGE